UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Michael Brandt, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-318 |
| | ) |
| CACH, LLC and | ) |
| Lloyd & McDaniel, PLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendants to enforce his rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendants are debt collectors. While acting as debt collectors, Defendants attempted to collect a consumer debt from Plaintiff. In so doing, Defendants violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendants conduct business in this District and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Michael Brandt (hereinafter referred to as "Brandt") is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the Northern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt.

5. Defendant CACH, LLC (hereinafter referred to as "CACH") is a Colorado limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. CACH is a debt collector and buyer of defaulted consumer debt. CACH regularly attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, CACH was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Brandt.

6. CACH is not authorized to conduct business in Indiana and does not maintain a registered agent here. Nevertheless, CACH conducts business in Indiana.

7. CACH acts as a collection agency as that term is defined in I.C. 25-11-1-1(b).

8. CACH is not licensed as a debt collection agency in the State of Indiana, under I.C. 25-11-1-1. Nevertheless, CACH acts as a collection agency in Indiana.

9. Defendant Lloyd & McDaniel PLC ("Lloyd") is a Kentucky law firm that acts as a debt collector as defined by § 1692a of the FDCPA because it regularly collects, or attempts to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Indiana. In fact, Lloyd was acting as a debt collector as to the debt it attempted to collect from Brandt.

## FACTUAL ALLEGATIONS

10. Brandt incurred a debt that was primarily for personal, family, or household purposed as defined by §1692a(5).

11. The debt owed by Brandt went into default.

12. After the debt went into default, the debt was placed with or otherwise transferred to Defendants for collection.

13. Brandt disputes the debt.

14. On April 13, 2017, CACH filed a collection action in the Allen County Superior Court under case number 02D01-1704-CC-761.

15. On May 12, 2017, the undersigned counsel filed his Appearance on behalf of Brandt and his co-defendant, Loretta Gibson, in the state court collection matter.

16. On June 14, 2017, Brandt and his co-defendant, by the undersigned counsel, filed a response to CACH's complaint denying the material allegations contained in the complaint.

17. On October 4, 2017, CACH, via its counsel, Lloyd, sent an initial form collection letter to Brandt and his co-defendant in the state court collection matter

18. The letter to Ms. Gibson was correctly sent to the undersigned counsel.

19. Despite having knowledge of the undersigned counsel's representation of the defendants in the state court collection matter and in violation of the FDCPA, CACH, via its counsel, Lloyd, sent an initial form collection letter directly to Brandt at his home address in an attempt to collect the debt. A copy of the letter is attached hereto as Exhibit "A".

20. Defendants' violations of the FDCPA were material because, although Brandt had been informed by his counsel that communications regarding the debt should be directed to counsel, Defendants' collection communication made Brandt believe that he did not have the rights Congress had granted under the FDCPA.

21. Moreover, violations of the FDCPA which would lead a consumer to alter his course of action as to whether to pay a debt, or which could be a factor in the consumer's decision-making process, are material. *See, Lox. v.CDA,* 689 F.3d 818, 827 (7th Cir. 2012). In this matter, Defendants' actions caused Brandt to question whether he was actually represented by counsel as to the debt in question, which caused stress and confusion as to whether he was required to pay the debt at issue.

22.  Defendants' collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. *See*, Gammon v. GC Services, Ltd. Partnership, 27F.3d 1254, 1257 (7th Cir. 1994).

23.  On or about June 18, 2018, Defendants filed a Motion for Summary Judgment in the state court collection matter.

24.  Along with the summary judgment motion, Defendants submitted to the state court and served on the undersigned counsel, a form summary judgment requesting 30.65% interest from the date of judgment, grossly exceeding the statutory interest permitted under Indiana law.

### VIOLATION OF § 1692c(a)(2) OF THE FDCPA – COMMUNICATING WITH A CONSUMER REPRESENTED BY COUNSEL

25.  Plaintiff adopts and realleges Paragraphs 1 – 24.

26.  Section 1692c(a)(2) of the FDCPA prohibits debt collectors from communicating with a consumer if the debt collectors know the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  see 15 U.S.C. § 1692c(a)(2).

27.  Defendants were clearly aware of the undersigned counsel's representation in the underlying state court collection matter as demonstrated by the letter to Loretta Gibson that was correctly sent to the undersigned counsel. Moreover, Brandt's representation by counsel was a matter of public record.  Accordingly, Defendants were fully aware that Brandt was represented by counsel at the time that the October 4, 2017 collection letter was mailed to Brandt.

28.  By communicating with Brandt when they knew he was represented by counsel in connection with the debt, defendants violated § 169c(a)(2) of the FDCPA.

29.  Defendants' violations of §1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692f OF THE FDCPA - UNFAIR PRACTICES

30. Plaintiff adopts and realleges Paragraphs 1 – 29.

31. § 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

32. By contacting Brandt when they knew he was represented by counsel, Defendants violated § 1692f of the FDCPA.

33. By attempting to collect a debt in Indiana when it is not licensed to do so, CACH violated § 1692f.

34. Defendants' violations of §1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692e OF THE FDCPA FALSE OR MISLEADING REPRESENTATIONS

35. Plaintiff adopts and realleges Paragraphs 1 – 34.

36. § 1692e of the FDCPA prohibits debt collectors from using false representations and deceptive means to collect a debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt, as well as threatening an action that could not be legally taken.  See, 15 U.S.C. § 1692e.

37. Seeking judgment interest of 30.65%, grossly exceeding the interest rate permitted by Indiana law, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  *Randolph v. IMBS, Inc.*, 368 F3d 726, 728 – 730 (7th Cir. 2004).

38. Defendants' violations of §1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692e OF THE FDCPA - FALSE OR MISLEADING REPRESENTATIONS

39. Plaintiff adopts and realleges Paragraphs 1 – 38.

40. § 1692e of the FDCPA prohibits debt collectors from using false representations and means to collect a debt. *See*, 15 U.S.C. § 1692e.

41. By attempting to collect a debt in Indiana when it is not authorized to do so, CACH violated § 1692e of the FDCPA.

42. Defendant's violation of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael Brandt, respectfully requests the Court find that the Defendants violated the FDCPA and enter judgment against Defendants CACH, LLC and Lloyd & McDaniel, PLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

Thomas G. Bradburn (15377-49)
Bradburn Law Firm
52 S. 9th Street, Suite 10
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com